# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | |
|---|---|
| WILLIE FRED BELL, : | |
| : | |
| Petitioner, : | |
| : | CIVIL ACTION FILE |
| VS. : | NO. 1:07-CV-183 (WLS) |
| : | |
| RANDY TILLMAN, Warden, : | |
| : | |
| Respondent. : | |

## RECOMMENDATION

Presently pending in this § 2254 action is Respondent's motion to dismiss the petition as untimely pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). That act was signed into law and became effective on April 24, 1996. Section 2244(d) of the AEDPA provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or
> claim is pending shall not be counted toward any period of limitation under this subsection.

The facts pertinent to resolving this matter are as follows. Petitioner's conviction became final on May 12, 2003, the last date on which he could petition the United States Supreme Court for the issuance of a writ of certiorari. The AEDPA statute of limitations started running on that date. Petitioner then waited for 268 days before filing a state court habeas petition on February 4, 2004, which had the effect of tolling the statute during its pendency. The state habeas court denied relief and the Georgia Supreme Court denied his application for a certificate of probable cause on June 5, 2007, which had the effect of restarting the running of the statute of limitations on which 97 days remained. Thus, the last date on which petitioner could timely file his petition was Monday, September 10, 2007.

Petitioner's undated and unsigned petition was initially date stamped by the Office of the Clerk of Court at 9:04 a.m. September 19, 2007 (Doc # 2). On September 26, 2007, the undersigned granted petitioner's motion to proceed *in forma pauperis* and ordered that the Clerk of Court return the signature page of the petition for signing and dating, to be returned to the court on or before October 9, 2007 (Doc. # 4). On November 28, 2007, the United States District Judge to whom this matter is assigned dismissed the petition without prejudice for his failure to date, sign and return the signature page to the court (Doc. # 5). On December 12, 2007, the Clerk of Court received a letter evidently signed by a member of the prison staff indicating that petitioner did not receive the order of September 26, 2007 (Doc. # 7). On December 14, 2007, the court vacated its November 28, 2007 order of dismissal and gave the petitioner until January 2, 2008, in which to date sign and return the signature page of the petition (Doc. # 8). On December 21, 2007 the Clerk of Court received the signed signature page which was dated December 18, 2007.

Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts is titled "Inmate Filing" and states as follows:

> A paper filed by an inmate confined in an institution is timely if
> deposited in the institution's internal mailing system on or before the
> last day for filing. If an institution has a system designed for legal
> mail, the inmate must use that system to receive the benefit of this rule.
> Timely filing may be shown by a declaration in compliance with 28
> U.S.C. § 1746 or by a notarized statement, either of which must forth
> the date of deposit and state that first-class postage has been prepaid.

Rule 2(c)(5) of the Rules Governing Section 2254 Cases in the United States District Court states that the petition must, "be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242."

Upon initial consideration of Respondent's Motion to Dismiss it was determined that the court could not view the petition and decide the issue of timeliness for want of a date. Therefore on July 25, 2007, the undersigned ordered that the Petitioner had until the close of business on Monday, August 18, 2008, the prove the timeliness of his original filing or face a recommendation of dismissal (Doc # 19). The order suggested that if the institution maintained a log of legal mail that plaintiff provide the court with a copy that would address the issue of timeliness. On August 18, 2007, the court received a letter from Petitioner containing a copy of a prison document titled REQUEST FOR INDIGENT POSTAGE clearly showing that on September 10, 2007, petitioner used $7.10 worth of indigent postage to mail documents to the Clerk of Court in Albany, Georgia and to the Office of the Attorney General in Atlanta. The court notes that the only mail received from the Petitioner during September 2007, was the undated and unsigned petition received on September 19, 2007 (Doc. # 20). The court is aware that Petitioner may not have provided counsel for Respondent with a copy of the letter or the indigent postage form. Petitioner has been instructed by letter to immediately provide counsel with a copy of same.

The last paragraph of the Advisory Committee's Notes pertaining to the 2004 Amendments to Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts is helpful in

resolving the issue of timeliness. That paragraph states:

> Current Rule 2(e), which provided for returning an insufficient petition, has been deleted. The Committee believed that the approach in Federal Rule of Civil Procedure 5(e) was more appropriate for dealing with petitions that do not conform to the form requirements of the rule. That rule provides that the clerk may not refuse to accept a filing solely for the reason that it fails to comply with these rules or local rules. Before the adoption of a one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214, the petitioner suffered no penalty, other than delay, if the petition was deemed insufficient. Now that a one-year statute of limitations applies to petitions filed under § 2254, *see* 28 U.S.C. § 2244(d)(1), the court's dismissal of a petition because it is not in proper form may pose a significant penalty for a petitioner, who may not be able to file another petition within the one-year limitations period. Now under revised Rule 3(b), the clerk is required to file a petition, even though it may otherwise fail to comply with the provisions in revised Rule 2(c). The Committee believed that the better procedure was to accept the defective petition and require the petitioner to submit a corrected petition that conforms to Rule 2(c).

Rule 2(c), Rules Governing Section 2254 Cases in the United States District Courts, Advisory Committee's Notes, 2004 Amendment

That appears to be what occurred herein. Although timely filed the petition did not conform to the form requirements of Rule 2(c). By submitting a signed and dated signature page the Petitioner's petition now conforms to that rule. Based upon the foregoing it is hereby **RECOMMENDED** that Respondent's Motion to Dismiss the petition as untimely filed be **DENIED.** Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED,** this 19th day of August 2008.

*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE