IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| WILLIE FRED BELL,<br><br>                      Petitioner,<br><br>         VS.<br><br>RANDY TILLMAN, Warden,<br><br>                      Respondent. | NO. 1:07-CV-183 (WLS)<br><br>PROCEEDING UNDER 28 U.S.C. §2254<br>BEFORE THE U.S. MAGISTRATE JUDGE |

**RECOMMENDATION TO DENY HABEAS CORPUS PETITION**

The petitioner filed this § 2254 action challenging his convictions and sentences. Petitioner was indicted by the Mitchell County grand jury on January 3, 2002 for murder, aggravated assault, and theft by taking a motor vehicle. (Resp. Ex. 4, Ex. 1, p. 11-13). At a jury trial in April 2002, Petitioner was found guilty on all counts and was sentenced to life for murder, a 20 year consecutive sentence for the aggravated assault, and a 10 year concurrent sentence for theft by taking. (Resp. Ex. 1, p. 49-52).

Following the denial of his motion for new trial, Petitioner filed a direct appeal, in which he enumerated the following errors: (1) the trial court erred in excusing a juror for cause when the juror stated that he could base his verdict solely on the evidence presented and the law as instructed by the Court; (2) the trial court erred in failing to charge the jury on the lesser included offense of voluntary manslaughter as to count one; and (3) the evidence was insufficient to justify a rational trier of fact finding Appellant guilty beyond a reasonable doubt of the offense of theft by taking a motor vehicle. The state appellate court found these claims lacked merit and affirmed Petitioner's convictions and sentences. *Bell v. State*, 276 Ga. 206, 576 S.E.2d 876 (2003).

Petitioner filed a petition for a writ of habeas corpus in the Superior Court of Ware County on February 4, 2004. (Resp. Ex. 1). An evidentiary hearing was held on July 21, 2005, at which time the state habeas court considered documentary and testimonial evidence, including the deposition testimony of trial and appellate counsel.[1] (Resp. Ex. 4). In an order filed on March 13, 2006, the state habeas corpus court denied relief. (Resp. Ex. 2). The court found that Petitioner's grounds lacked merit. Petitioner filed an application for a certificate of probable cause to appeal. The Georgia Supreme Court denied Petitioner's application for a certificate of probable cause to appeal on June 5, 2007. (Resp. Ex. 3). Petitioner filed this petition pro se, raising numerous grounds for relief, summarized below.

Ground 1 raises trial court error when the trial court excused a juror for cause.
Ground 2 raises trial court error when the court failed to charge the jury on voluntary manslaughter.
Ground 3 raises insufficient evidence to sustain his conviction for theft by taking a motor vehicle.
Ground 4 raises error by the failure of the state to exclude beyond a reasonable doubt "the reasonable hypothesis of the [Petitioner's] innocence."
Ground 5 raises ineffective assistance of counsel by counsel's failure to present a viable defense.
Ground 6 raises trial court error in the admission of hearsay.
Ground 7 raises trial court error in admitting inflammatory photographs of the victim into evidence.
Ground 8 raises ineffective assistance of counsel by failing to move to vacate the aggravated assault verdict.
Ground 9 raises error when the prosecuting attorney impermissibly bolstered testimony by the state's witness.
Ground 10 raises insufficient evidence to sustain the verdict.
Ground 11 raises error in that his counsel's caseload was "grossly in excess of a reasonable level."
Ground 12 raises trial court error in admitting evidence which was seized with an invalid search warrant.
Ground 13 raises trial court error in the admission of Petitioner's custodial statement into evidence.
Ground 14 raises ineffective assistance of counsel by counsel's failure to:

---

[1]Petitioner was permitted to cross-examine counsel as part of the deposition by written questions which were answered on the record.

(a) file a motion to sever the offenses;
(b) file a motion for change of venue;
(c) file a motion for individual voir dire and sequestration of jurors during voir dire;
(d) file a motion for an investigator to assist in preparing the defense;
(e) conduct a prompt investigation of the circumstances of the case and to explore all avenues leading to facts relevant to the merits of the case and the penalty in the event of conviction.

## *DISCUSSION*

The Antiterrorism and Effective Death Penalty Act of 1996, signed into law on April 24, 1996, amended 28 U.S.C. § 2254(d) to provide:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court addressed Section 2254(d) in *Williams v. Taylor*, 529 U.S. 362, 404, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). The Court explained:

> Section 2254(d)(1) defines two categories of cases in which a state prisoner may obtain federal habeas relief with respect to a claim adjudicated on the merits in state court. Under the statute, a federal court may grant a writ of habeas corpus if the relevant state-court decision was either (1) *"contrary to* ⋯ clearly established Federal law, as determined by the Supreme Court of the United States," or (2) *"involved an unreasonable application of* ⋯ clearly established Federal law, as determined by the Supreme Court of the United States."

*Id.* at 404-05 (emphasis added).

This requirement does not mean that the state court must expressly cite the governing Supreme Court standards, just that "neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002).

The Eleventh Circuit has explained the difference between the "contrary to" and

3

"unreasonable application" clauses in § 2254(d)(1) as follows:

> A state court decision is "contrary to" clearly established federal law if either (1) the state court applied a rule that contradicts the governing law set forth by Supreme Court case law, or (2) when faced with materially indistinguishable facts, the state court arrived at a result different from that reached in a Supreme Court case.
> A state court conducts an "unreasonable application" of clearly established federal law if it identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case. An unreasonable application may also occur if a state court unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context. Notably, an "unreasonable application" is an "objectively unreasonable" application.

*Putman v. Head*, 268 F.3d 1223, 1241 (11th Cir.2001) (internal citations omitted).

Section 2254(e)(1) sets a highly deferential standard of review for state court factual determinations. "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." *Fugate v. Head*, 261 F.3d 1206, 1215 (11th Cir.2001) (citations omitted); *see also Crawford v. Head*, 311 F.3d 1288, 1317 (11th Cir.2002) (affirming state court factual determination "because there is support for it in the record and [the petitioner] has not rebutted the finding by clear and convincing evidence"). Moreover, "some evidence suggesting the possibility" that a petitioner's version of the pertinent facts is correct is not sufficient to carry the burden of showing that a state court made an unreasonable determination of fact as contemplated by Section 2254(d)(2). *Bottoson v. Moore*, 234 F.3d 526, 540 (11th Cir.2000). Similarly, a federal court may not simply substitute its judgment for that of the state court. *Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002). See also *Bell v. Cone*, 535 U.S. 685, 696-697 (2002).

The Supreme Court of Georgia on Petitioner's direct appeal found the following facts:

Construed in support of the verdict, the evidence shows that Arthur Brown, Jr. and Germaine Williams got into Brown's car to go to Pelham, Georgia. Brown was driving, and Williams was

4

in the front passenger seat. As they were leaving, Bell flagged them down to catch a ride to Camilla and sat in the back passenger seat. On the way, Bell reached around Williams and cut his throat. When Williams leaned over, Bell stabbed him twice in the back. Williams exited the still-moving vehicle and ran. He heard Brown yelling as the car stopped in the road. Williams flagged down a deputy in a sheriff's car and later received medical attention for his wounds. When the police arrived at the scene, Brown was lying in the ditch with several stab wounds, three of which caused his death. The police went to Bell's residence and found boxer shorts in his room and muddy clothing in a culvert, both of which had Brown's blood on them. The car was found with blood on the inside and outside, near a landfill three miles from the crime scene. The evidence was sufficient to allow a rational trier of fact to find Bell guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Williams v. State,* 274 Ga. 371, 372(1), 552 S.E.2d 814 (2001).

*Bell v. State*, 276 Ga. 206, 206-207 (2003).

### *Grounds 1 and 2 - State Law*

In Ground 1, Petitioner argues that the trial court erred in excusing a juror for cause, and that if the juror had been left on the panel, there is a reasonable probability that Petitioner would have been found not guilty. The Supreme Court of Georgia decided this issue adversely to Petitioner. The prospective juror in this case, who was acquainted with defense counsel, stated that, given his employment with a criminal defense firm, he thought that it would be impossible for him to sit in the jury box and give the state a fair hearing. The state court decided this issue on state law grounds, finding that such a response "clearly establish[ed] a leaning or bias on the part of the juror which would make him subject to be excused for cause, and the trial court did not abuse its discretion in excusing him." *Bell* at 207 (internal citations omitted).

> Moreover, a defendant has no vested interest in a particular juror but rather is entitled only to a legal and impartial jury; thus, the allowing of a challenge for cause [for a reason which is not constitutionally impermissible], even if erroneous, affords no ground of complaint if a competent and unbiased jury is selected. [Cit.].... [T]here has been no showing that the jury that did serve was incompetent and biased.

*Bell, supra* at 207 (internal citations omitted).

Petitioner has failed to show that the jury was not impartial, or how he was prejudiced by

5

the juror's exclusion. Petitioner merely makes a bald assertion that having this juror on his jury would have resulted in a not guilty verdict. "A trial court's findings of juror impartiality may be overturned only for manifest error." *Mu'Min v. Virginia,* 500 U.S. 415, 428 (1991). Petitioner has failed to show that he is entitled to habeas corpus relief on this ground.

In Ground 2, Petitioner asserts that the trial court erred when it failed to charge the jury on voluntary manslaughter. The Supreme Court of Georgia decided this issue on state law grounds. The state appellate court determined that, as Petitioner denied stabbing either of the victims or ever having a weapon, the evidence did not justify a jury charge for voluntary manslaughter.

Petitioner quotes a Supreme Court case for the proposition that the trial court's failure to charge the jury on voluntary manslaughter was a violation of his constitutional right to due process. The Supreme Court held that the due process clause requires the prosecution to prove beyond a reasonable doubt the absence of heat of passion on sudden provocation when the issue is properly presented in a homicide case. *Mullaney v. Wilbur*, 421 U.S. 684 (1975).

The question is whether the issue was properly presented. Petitioner asserts that evidence that the victim Williams started cussing at Petitioner regarding a car radio, telling Petitioner that Williams would make the incident his business (Tr. 73) was enough evidence to warrant a charge on voluntary manslaughter, as Williams' words and actions constituted serious provocation from which a jury could have concluded that Petitioner acted solely on a sudden, violent, and irresistible passion from serious provocation sufficient to excite such passion in a reasonable person. See O.C.G.A. § 16-5-2.

However, the Supreme Court of Georgia disagreed with this argument, finding that Petitioner denied stabbing either victim, or even having a weapon. This ground lacks merit.

6

Moreover, Petitioner failed to properly raise this claim as a violation of constitutional law, instead raising only state law grounds for relief.

The purpose of a federal habeas proceeding is to review the lawfulness of a petitioner's custody to determine whether the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); *Coleman v. Thompson,* 501 U.S. 722, 730, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). The Supreme Court has held that federal habeas relief does not lie for errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) (holding that "... it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

A federal claim must be fairly presented to the state court, to give the State the opportunity to pass upon and correct alleged violations of federal rights. *See Baldwin v. Reese,* 541 U.S. 27, 29, 124 S.Ct. 1347, 1349, 158 L.Ed.2d 64 (2004) (citations omitted); *Duncan v. Henry,* 513 U.S. 364, 365-366, 115 S.Ct. 887, 888, 130 L.Ed.2d 865 (1995). While it is not necessary that the petitioner cite "book and verse" of the Constitution, the state court must be alerted to the fact that a federal constitutional claim is raised. *Duncan,* 513 U.S. at 365-366, 115 S.Ct. at 888 (citations omitted); *see also McNair v. Campbell,* 416 F.3d 1291, 1303 (11th Cir.2005) (holding that a petitioner must "do more than scatter some makeshift needles in the haystack of the state court record) (citations omitted).

Consequently, this claim is procedurally defaulted, as it was never properly raised below as an issue of constitutional law.

*Grounds 3, 4 and 10 - Insufficient Evidence*

In ground 3, Petitioner raises insufficient evidence to sustain his conviction of theft by taking a motor vehicle. Petitioner states that the issue of ownership of the vehicle was in

7

question. The theft count of the indictment charged, in relevant part, that Petitioner unlawfully took a "1999 Chevrolet Cavalier, the property of" Brown and his mother. Brown's mother testified that she was part owner of the car, and Williams testified that the vehicle was Brown's. Petitioner contends that the State introduced no probative evidence that Brown had an ownership interest in the car, and thus, there was insufficient evidence for a rational trier of fact to find Petitioner guilty beyond a reasonable doubt of theft by taking. The Supreme Court of Georgia determined that:

> [e]ven if we assume, for purposes of this appeal only, that there was no probative evidence of Brown's ownership interest, there was no fatal variance between the allegations of the indictment and the proof at trial. " ' "It is well established that those who steal will not be permitted to raise 'nice and delicate questions' as to the title of that which is stolen." [Cit.]' [Cit.]" *Bigby v. State,* 184 Ga. App. 94, 96(5), 360 S.E.2d 751 (1987). " 'So far as the thief is concerned, he cannot question the title of the apparent owner.' [Cits.]" *Hall v. State,* 132 Ga.App. 612, 208 S.E.2d 621 (1974). Furthermore, a variance between joint ownership "as alleged and sole ownership as proven is of no legal consequence. The indictment was sufficient to apprise the defendant of the nature of the offense for which he was to be tried so that he could defend against it." *Hammond v. State,* 225 Ga. 545, 546(1)(a), 170 S.E.2d 226 (1969).

*Bell* at 207.

In ground 4, Petitioner contends that the state failed to exclude beyond a reasonable doubt the reasonable hypothesis of his innocence. In Ground 10, he raises insufficient evidence to sustain the verdict against him.

> The Supreme Court of Georgia found the following.
>
> Construed in support of the verdict, the evidence shows that Arthur Brown, Jr. and Germaine Williams got into Brown's car to go to Pelham, Georgia. Brown was driving, and Williams was in the front passenger seat. As they were leaving, Bell flagged them down to catch a ride to Camilla and sat in the back passenger seat. On the way, Bell reached around Williams and cut his throat. When Williams leaned over, Bell stabbed him twice in the back. Williams exited the still-moving vehicle and ran. He heard Brown yelling as the car stopped in the road. Williams flagged down a deputy in a sheriff's car and later received medical attention for his wounds. When the police arrived at the scene, Brown was lying in the ditch with several stab wounds, three of which caused his death.

> The police went to Bell's residence and found boxer shorts in his room and muddy clothing in a culvert, both of which had Brown's blood on them. The car was found with blood on the inside and outside, near a landfill three miles from the crime scene. The evidence was sufficient to allow a rational trier of fact to find Bell guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

*Bell*, at 207.

Petitioner has failed to show that the state court's determination and findings were contrary to or an unreasonable application of federal law. It is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided that a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt. A jury is free to choose among reasonable constructions of the evidence. *United States v. Hardy,* 895 F.2d 1331, 1334 (11th Cir.1990). In *Jackson*, the Supreme Court held that a court in addressing such a claim as insufficiency of the evidence on habeas review should determine whether any rational trier of fact would have found proof of guilt beyond a reasonable doubt. 443 U.S. at 319, 99 S.Ct. at 2789.

Faced with a record of historical facts that supports conflicting inferences, the court must presume that the jury resolved such conflicts in favor of the prosecution, deferring to the jury's judgment as to the weight and credibility of the evidence. See *Jackson*, supra, 443 U.S. at 326, 99 S.Ct. at 2792; *Machin v. Wainwright*, 758 F.2d 1431, 1435 (11th Cir.1985); *Cobb v. Wainwright*, 666 F.2d 966, 971 (5th Cir.), cert. denied, 457 U.S. 1107, 102 S.Ct. 2906, 73 L.Ed.2d 1315 (1982). The simple fact that the evidence gives some support to the defendant's theory of innocence does not warrant the grant of habeas relief. *Wilcox v. Ford*, 813 F.2d 1140, 1143 (11th Cir. 1987), cert. denied, 484 U.S. 925, 108 S.Ct. 287 (1987).

Petitioner has not rebutted by clear and convincing evidence the factual determinations

made by the state courts. *Fugate, supra* at 1215. Nor has Petitioner shown that the state court's determination was either contrary to or an unreasonable application of federal law. *Williams, supra*, at 404.

### *Grounds 5 and 14 (a) - (d) - Ineffective Assistance of Counsel*

In these grounds, Petitioner raises ineffective assistance of counsel by counsel (ground 5) failing to present a viable defense, (ground 14(a)) failing to file a motion to sever the offenses, (ground 14(b)) failing to file a motion for a change of venue, (ground 14(c)) failing to file a motion for individual voir dire and sequestration of jurors during voir dire, and (ground 14(d)) failing to file a motion for an investigator to assist in Petitioner's defense. These grounds were decided adversely to Petitioner by the state habeas court.

The state habeas court applied the correct standard for evaluation of ineffective assistance of counsel claims. In *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court created a two-part test for determining whether a defendant received ineffective assistance of counsel. First, a defendant must demonstrate that his attorney's performance was deficient, which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* Second, a defendant must demonstrate that the deficient performance prejudiced the defense to such a degree that the results of the trial cannot be trusted. *Id.*

Under the first prong, the reasonableness of an attorney's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. *Strickland,* 466 U.S. at 690. The petitioner must carry a heavy burden, as "reviewing courts must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance; that is, the defendant must overcome the presumption that, under the circumstances,

10

the challenged action might be considered sound trial strategy." *Id.* at 689 (citation omitted). Under the prejudice prong, a petitioner must establish that there is a reasonable probability that the results would have been different but for counsel's deficient performance. *Kimmelman v. Morrison,* 477 U.S. 365, 375, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986); *Strickland,* 466 U.S. at 696. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

The state habeas court applied the *Strickland* standards to the facts of the case and concluded that Petitioner had not been rendered ineffective assistance of trial counsel. The court found:

> Mr. McLendon [trial counsel] spoke with Petitioner and his family on several occasions, interviewed the investigating officers, and reviewed the State's file. Contrary to Petitioner's allegations, Mr. McLendon did retain an investigator to assist him and did file a motion for a change of venue (which the trial court ultimately denied). The record also indicates that Mr. McLendon developed a defense of self-defense after meeting with Petitioner, and that he adequately prepared Petitioner to testify. In addition, Mr. McLendon did not file a motion to sever Petitioner's trial and did not file a motion for individual voir dire or to sequester the jury during voir dire because, after due consideration, he did not see any valid basis to file such motions. Finally, Mr. McLendon correctly noted that the trial court did not have discretion in sentencing Petitioner for malice murder; as a result, there was nothing for the trial court to consider as mitigating evidence. Accordingly, there is no error by counsel.

(Resp. Exhibit 2, p.11).

Petitioner has failed to meet the high burden of establishing either attorney error or prejudice. Petitioner has failed to show that but for counsel's presumed errors, the outcome of the trial would have been different. Moreover, Petitioner has failed to show that the state habeas court's application of *Strickland* was unreasonable. These grounds must fail.

***Grounds 6, 7, 9, 12, 13 - Procedurally Defaulted***

These grounds were raised in Petitioner's state habeas proceedings. Because Petitioner

11

failed to raise these grounds at trial or on direct appeal, the state habeas court found that these claims were procedurally defaulted under O.C.G.A. § 9-14-48(d).

Citing *Todd v. Turpin*, 268 Ga. 820, 824, 493 S.E.2d 900 (1997) and *Black v. Hardin*, 255 Ga. 239, 240, 336 S.E.2d 754 (1985), the state habeas court found these claims had not been timely raised at trial or on direct appeal, and concluded that Petitioner procedurally defaulted these grounds in failing to raise it at trial or on direct appeal. (Resp. Ex. 2, pp. 4-5).

O.C.G.A. § 9-14-48(d) provides as follows:

> The court shall review the trial record and transcript of proceedings and consider whether the petitioner made timely motion or objection or otherwise complied with Georgia procedural rules at trial and on appeal and whether, in the event the petitioner had new counsel subsequent to trial, the petitioner raised any claim of ineffective assistance of trial counsel on appeal; and absent a showing of cause for noncompliance with such requirement, and of actual prejudice, habeas corpus relief shall not be granted.

The Supreme Court held in *Coleman v. Thompson*, 501 U.S. 722, 735, 750 (1991):

> We now make it explicit: In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750.

To establish cause for the default, a petitioner must show that some objective factor external to the defense impeded counsel's efforts to comply with the state procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Examples given in that case were where the factual or legal basis for the claim was not available or where interference by state officials made compliance impracticable. *Id.* The Court further noted: "[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a

federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Murray v. Carrier*, 477 U.S. at 496.

The standard of prejudice a state prisoner must show to overcome a default comes from *Wainwright v. Sykes*, 433 U.S. 72 (1977), and *United States v. Frady*, 456 U.S. 152, 156 (1982). A petitioner must show not merely that errors at trial created a possibility of prejudice, "but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Murray*, 477 U.S. at 495 (quoting *Frady*, 456 U.S. at 156). The Court made clear that both cause and actual prejudice must be shown and specifically rejected the contention in that case that cause need not be shown if actual prejudice was shown. *Murray*, 477 U.S. at 495. Additionally, a mere possibility of actual prejudice resulting from an error at trial will not waive the procedural default bar where other substantial evidence of guilt is present. *Wainwright,* 433 U.S. at 91.

Petitioner has not produced evidence showing that he is "actually innocent" of the crimes for which he was convicted. Accordingly, the facts of his case do not support a conclusion that there will be a fundamental miscarriage of justice if his federal claims are not considered. Moreover, Petitioner has failed to show the necessary cause and prejudice in order to overcome his procedural default.

*Grounds 8 and 14(e)*

Petitioner, apparently for the first time, raises additional grounds as ineffective assistance of counsel. In Ground 8, he raises counsel's failure to move to vacate the aggravated assault verdict; in Ground 14(e), he raises counsel's failure to conduct a prompt investigation of the circumstances of the case and to explore all avenues leading to the facts relevant to the merits of the case and the penalty in the event of conviction. As these issues were not raised below, they

were not fairly presented to Georgia's courts.

Exhaustion requires that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *see* § 2254(b), (c). That is, to properly exhaust a claim, the petitioner must "fairly present[ ]" every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review. *Castille v. Peoples,* 489 U.S. 346, 351, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989) (quotation and emphasis omitted). A federal habeas court could hold claims were procedurally defaulted, and therefore exhausted, "if it is clear that [the] claims are now procedurally barred under [state] law." *Chambers v. Thompson* 150 F.3d 1324 (11th Cir. 1998).

Under Georgia law, any grounds for habeas corpus relief not raised in the original or amended petition "are waived unless the Constitution of the United States or of this state otherwise requires or unless any judge to whom the petition is assigned, on considering a subsequent petition, finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition." O.C.G.A. § 9-14-51.

As these claims would be considered procedurally defaulted under Georgia law, they are consequently procedurally defaulted from consideration herein. Petitioner has failed to adequately show cause and prejudice for his failure to raise these grounds either on his direct appeal or during his state collateral proceedings.

*Ground 11*

Petitioner alleges that his counsel's caseload was "grossly in excess of a reasonable level." Respondent contends that this ground fails to state a claim for relief in habeas corpus, as it does not allege a violation of clearly established federal law within the meaning of 28 U.S.C. §

2254(d). The undersigned agrees.

However, even if Petitioner is alleging ineffective assistance of counsel as a result of having too many cases, the state habeas court concluded that Petitioner received effective assistance of counsel. The bare statement that counsel had too many cases, without more, simply does not allege a constitutional violation.

*Conclusion*

In conclusion, it appears to the undersigned that Petitioner has not met his burden in showing he is entitled to habeas corpus relief. Therefore, it is the RECOMMENDATION of the undersigned that the petition be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to these recommendations with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy.

SO RECOMMENDED, this 1st day of December, 2010.

S// Thomas Q. Langstaff
THOMAS Q. LANGSTAFF
UNITED STATES MAGISTRATE JUDGE

msd